

EOD
08/12/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ECCO DRILLING COMPANY, LTD. | § | Case No. 07-60987 |
| | § | |
| | § | |
| Debtor | § | Chapter 11 |

| | | |
|---|---|---|
| J. GREGG PRITCHARD, | § | |
| Creditor-Trustee Under the Confirmed | § | |
| Plan of Liquidation of Ecco Drilling | § | |
| Co., Ltd. | § | |
| | § | |
| Plaintiff | §. | |
| | §. | |
| v. | § | Adversary No. 09-6036 |
| | § | |
| WRIGHT CAPITAL CORPORATION | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OF DECISION[1] GRANTING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

ON THIS DATE the Court considered the Motion for Summary Judgment (the "Motion") filed by the Plaintiff, J. Gregg Pritchard, ("Plaintiff") Trustee for Ecco Drilling Company, Ltd., ("Debtor") in the above-referenced adversary proceeding. The Original Complaint filed in this action on or about November 18, 2009 alleges that the Plaintiff is entitled to the return of an allegedly preferential payment made by Ecco Drilling Company, Ltd. to the Defendant, Wright Capital Corporation, in the fall of 2007 in the

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

amount of $57,500.00.  The Defendant answered Plaintiff's Complaint with denials and affirmative defenses.[2]  Plaintiff subsequently filed the Motion now before the Court.  In its response in opposition to the Motion,[3] Defendant reasserted a single affirmative defense — payment in the ordinary course of business — and challenged whether the Plaintiff had presented proper summary judgment evidence to establish each element of a preferential transfer.

*Standard for Summary Judgment*

The Plaintiff brings his Motion for Summary Judgment in the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056.  That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), *quoting* FED. R. CIV. P. 56(c).[4]

---

[2] The Defendant thereafter filed a third party complaint against other alleged obligors on the debt. However, the Court has, in light of this decision, severed that third party action involving non-debtor parties into a separate adversary proceeding and has issued a notice of intent for those parties to demonstrate why the principles of permissive abstention should not apply to that proceeding.

[3] See dkt. #29.

[4] Pursuant to the scheduling order issued in this adversary proceeding, motions for summary judgment are required to comply in format and content with Local District Court Rule CV-56 and such motions shall be decided under the procedures stated therein.

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997); *Thom v. State Farm Lloyds*, 10 F.Supp.2d 693, 698 (S.D. Tex. 1997).

If the motion is supported by a *prima facie* showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson,* 477 U.S. at 248-49 (*citing* FED. R. CIV. P. 56(e)). The substantive law will identify which facts are material. *Id.*

To determine whether summary judgment is appropriate, the record presented is viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, if the evidence demonstrating the need for trial "is merely colorable or is not significantly probative,

summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.  Thus, a non-movant must show more than a "mere disagreement" between the parties, *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993), or that there is merely "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  Essentially, if a non-movant fails to set forth specific facts that present a triable issue, its claims should not survive summary judgment. *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 494 (5th Cir. 2001).  Additionally, as to the Defendant's affirmative defense as to which it carries the burden of proof, a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is entitled to a judgment as a matter of law because the nonmoving party asserting an affirmative defense has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof."  477 U.S. at 322-23 (internal quotations omitted) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250).

Thus, in this case, the Plaintiff bears the burden as to the existence of a preferential transfer, while the Defendant bears the burden of proof on its affirmative defense.  As such, the Plaintiff is entitled to a summary judgment only if there exists no genuine issue of material fact as to each element of a preferential transfer, and if the Defendant has failed to produce sufficient  evidence to create a factual issue regarding its own affirmative defense.

*Analysis*

A plaintiff must prove six elements to successfully establish and recover a preferential transfer under 11 U.S.C. § 547(b). Those elements are: (1) a transfer of an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of antecedent debt; (4) made while the debtor was insolvent; (5) made on or within 90 days before the date of the filing of the bankruptcy petition; and (6) that enabled the creditor to receive more that it would otherwise have received if the transfer had not been made and the case had proceeded under Chapter 7. 11 U.S.C. § 547(b); *Union Bank v. Wolas*, 502 U.S. 151, 154-55 (1991). The Defendant, as the alleged recipient of a preferential transfer, challenged the grounds underlying Plaintiff's Motion on elements two, three, four, and six.[5] Defendant did not challenge elements one or five and, upon review, the Court determines that the summary judgment evidence establishes that there is no material factual dispute that, within the 90-day period prior to bankruptcy, a transfer of an interest of the Debtor in property — the payment of $57,500.00 — occurred.[6]

As to the remaining four elements, Defendant asserts that it has provided competent summary judgment evidence precluding the entry of a judgment as a matter of

---

[5] In tying each of the Defendant's allegations to a statutory element of a § 547(b) preferential transfer, the Court has generously construed the arguments presented in Defendant's response.

[6] Even if the Defendant had challenged these two elements, the result would have been the same. Plaintiff provided competent summary judgment evidence in the form of Check No. 24082 written by the Debtor to the Defendant and dated August 30, 2007 in the amount of $57,500.00. That check was cashed on or about September 5, 2007 and establishes both the transfer of an interest of the Debtor (money) and that such transfer occurred within the 90-day preferential period.

law on these particular elements. First, Defendant alleges that the second element of a preferential transfer was not met where the transfer occurred "pursuant to the terms of a compromise settlement agreement."[7] The presence of that agreement means that "the transfer was <u>not</u> made solely for the benefit of the Debtor's estate."[8] Defendant's argument relies on a fundamental misreading of § 547(b)(1), which requires only that the transfer be "to or for the benefit *of a creditor*," not of the Debtor's estate. 11 U.S.C. §547(b)(1). In this instance, where the transfer of money occurred in satisfaction of a prepetition claim by a creditor — the payment stemming from the Compromise Settlement Agreement executed by the parties prior to bankruptcy in June 2007 — that transfer was undoubtedly made "to or for the benefit of a creditor." The Defendant, as a creditor of the Debtor, received a transfer of money that diminished its claim against what would become the bankruptcy estate. That transfer constitutes one "to or for the benefit of a creditor." *See SouthmarkCorp. v. Southmark Personal Storage, Inc. (In re Southmark Corp.)*, 993 F.2d 117, 119 (5th Cir. 1993) [A transfer that benefits a creditor in relation to an antecedent debt is one "to or for the benefit of a creditor."].

Defendant also argues that the allegedly preferential transfer did not pay an antecedent debt of the Debtor, but rather settled the "debts," "future debts," and "claims"

---

[7] Defendant's Response at 3, ¶ 10.

[8] *Id*. (emphasis in original).

of Debtor and Third Party Defendants while also resulting "in a dismissal with prejudice of the underlying lawsuit."[9] While it may be true that the settlement agreement impacted future legal action through prohibition, the fact remains that the underlying debt owed by Ecco to the Defendant arose prior to the transfer of money. The involvement of the former third-party defendants is irrelevant. All that is required by this element is that the transfer be made "for or on account of an antecedent debt *owed by the debtor*." There is no argument that the Debtor did not owe the debt that it paid. The settlement agreement giving rise to the allegedly preferential transfer compromised and settled a debt owed by the Debtor prior to the satisfying transfer. That is precisely the definition of an antecedent debt. *See Baker Hughes Oilfield Op. v. Cage (In re Ramba, Inc.)*, 416 F.3d 394, 399 (5th Cir. 2005) [A debt is "antecedent" for purposes of § 547(b) if it was incurred before the alleged preferential transfer]; *Southmark Corp. v. Schulte, Roth, & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 316 (5th Cir. 1996) (subsequent history omitted) [payment made within 90-day preferential period following settlement agreement was made on account of antecedent debt].

Defendant's primary contention relates to the element of insolvency. In order to qualify as a preferential transfer under § 547(b) of the Bankruptcy Code, a debtor must be insolvent at the time the transfer is made. The Code defines insolvency as a "financial

---

[9] Defendant's Response at 3, ¶ 11.

condition such that the sum of [the] entity's debts is greater than all of [its] property, at a fair valuation ..." 11 U.S.C. § 101(32).  Under § 547, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f).   The Court notes from its own docket and from Plaintiff's Motion that the Debtor filed its voluntary petition for relief under Chapter 11 on or about November 23, 2007.  Based on that filing date, any transfers that occurred on or after August 25, 2007 fall within that presumed period of insolvency.  That includes the payment evidenced by check no. 24082 dated August 30, 2007  — the instrument evidencing the transfer from the Debtor to the Defendant that was negotiated on or about September 5, 2007.[10]  Both dates are firmly within the 90-day preferential period and the Code presumes that the Debtor was insolvent at the time of this particular transfer.

A defendant may seek to rebut the § 547 presumption of insolvency by introducing "*some evidence* to show that the debtor was solvent at the time of the transfer; mere speculative evidence of insolvency is not enough." *GasMark Ltd. Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*, 158 F.3d 312, 315 (5th Cir.1998) (emphasis in original).  If a defendant rebuts that presumption successfully, then the burden shifts back to the plaintiff to prove insolvency.  In a summary judgment context, rebutting the

---

[10] *See* Plaintiff's Ex. 1.

presumption of insolvency would almost necessarily create a genuine issue of material fact.

The Court notes at the outset that Defendant has not met its burden of providing "some evidence" to rebut the presumption of insolvency. Though the Defendant's allegation that the Debtor paid other debts contemporaneously with the allegedly preferential transfer in this case may be correct, that fact alone does not demonstrate anything regarding the Debtor's actual financial condition. Further, there is no safety in the herd. The presence of other arguably preferential transfers does not make this transfer any less preferential.[11]

Finally, Defendant arguably challenges the sixth element of a preferential transfer where it states that "Had Debtor not made the payment the subject of this action, [Defendant] would still have received the full $57,500.00 from the Third Party Defendants despite Debtor's Chapter 7 bankruptcy filing." This argument also stems from a misreading of the applicable bankruptcy law. It is irrelevant what the Defendant

---

[11] Even if the Defendant had presented some evidence to rebut the presumption of insolvency, the Code's definition of insolvency applies a balance sheet test that requires the court to engage in the "fair valuation" of the debts and property shown on the debtor's balance sheet. The only summary judgment evidence submitted regarding solvency was tendered by the Plaintiff and it establishes the considerably insolvent condition of the Debtor. All or substantially all of the Debtor's assets were sold at an auction conducted by the Trustee and that auction netted slightly more than fourteen and a half million dollars ($14,621,197.05), while the Debtor's secured debt alone was listed on Schedule D as over fifty-three million dollars ($53,755,850.37). No evidence tendered by the Defendant establishes the existence of any catastrophic event that would have dramatically altered the Debtor's financial condition between the time of the transfer and the time of the auction of the assets. Thus, even without the §547(f) presumption, the only evidence of a "fair valuation" demonstrates the Debtor's insolvency.

would have received from other liable parties had the Debtor not filed for bankruptcy relief. The entire rationale for this adversary proceeding is that Debtor *did* file for such relief, the transfer *was* made, and the value received by the Defendant was *significantly more* than it would have received in a Chapter 7 liquidation or had the transfer not been made at all. *See* 11 U.S.C. § 547 (b)(5)(A) and (B). Based on the foregoing debt-to-asset ratio of the Debtor, as established by the auction process, the Defendant would likely have received payment of little, if any, of its claim in a Chapter 7 liquidation. Therefore, by its receipt of that transfer from the Debtor, the Defendant was necessarily treated preferentially to the other unsecured creditors. Plaintiff has successfully demonstrated that there is no genuine issue of material fact as to this element.

Having determined that the Plaintiff has satisfied its burden of demonstrating that no genuine issue of material fact exists as to each element of a preferential transfer, such transfer is avoidable as a matter of law unless a factual issue is raised regarding the affirmative defense alleged in Defendant's Answer. In its answer, the Defendant alleges that the claims contained in Plaintiff's Original Complaint "are barred by or included within the exceptions under 11 U.S.C. §547(c)."[12] The Defendant specifically references subsection (c)(1), which excepts payments intended to be contemporaneous exchange of new value between the parties coupled with a substantially contemporaneous exchange,

---

[12] Defendant's Answer at 3, ¶ 1.2.

subsection (c)(2), which excepts payments of debts incurred by the debtor in the ordinary course of business, and subsection (c)(4), which excepts payments preceding the giving of new value or benefit to the creditor.

However, the simple statement of the Defendant that these affirmative defenses exist represents the only overt reference to them anywhere in the pleadings of this case. The Defendant did not provide any substantive facts allegedly establishing the existence of these affirmative defenses, and it arguably did not re-allege any affirmative defenses during the summary judgment process.  While it might be theoretically possible to read Defendant's "antecedent debt" argument outlined *supra* as a restatement of the "new value" exception under §547(c)(4), that characterization falls far short of creating a genuine issue of material fact regarding that particular defense in that it relies on the characterization of the compromise of potential future litigation (agreed to at the time of the settlement) as the "new value" being exchanged.  Such a characterization does not comport with §547(a) and its definition of "new value" as:

> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation[.]

11 U.S.C. §547(a)(2). This definition of new value is exclusive, controlling and does not contemplate the compromise of future litigation as constituting "new value" in the sense contemplated by the Defendant. *See Ramba*, 416 F.3d at 400-01 [the dismissal of an involuntary bankruptcy case does not constitute "new value" for purposes of 547(c)(1)].[13] The possibility of future litigation is not a good, nor a service, nor the extension of new credit, so it cannot constitute a foundation for a claim that "new value" has been given to the Debtor.[14] Additionally, the Defendant failed to tender proper summary judgment evidence to establish that it was the intent of the parties to make a contemporaneous exchange, that the parties fulfilled such an intent, or that new value was actually exchanged, as it is required to do under §547(c)(1). *See Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1008 (Bankr. N.D. Tex. 1987).

It is similarly possible to read the Defendant's insolvency argument, also outlined *supra*, as one claiming payment in the ordinary course of business. To prevail on this affirmative defense, Defendant must prove all three statutory elements by a

---

[13] The defense under § 547(c)(1) "is grounded in the principle that the transfer of new value to the debtor will offset the payments, and the debtor's estate will not be depleted to the detriment of other creditors." *Gulf Oil Corp. v. Fuel Oil Supply & Terminaling, Inc. (In re Fuel Oil Supply & Terminaling, Inc.)*, 837 F.2d 224, 228 (5th Cir.1988) (*quoting A.I. Credit Corp. v. Drabkin ( In re Auto-Train Corp.)*, 49 B.R. 605, 612 (Bankr. D.C. 1985)).

[14] The Court also notes that under Defendant's interpretation, any payment according to a settlement agreement dismissing an action with prejudice would be excepted from recovery under §547 as a preferential transfer. That is not an outcome endorsed by the Bankruptcy Code, regardless of the statutory definition of "new value."

preponderance of the evidence. *Gulf City Seafoods, Inc. v. Ludwig Shrimp Co. (In re Gulf City Seafoods)*, 296 F.3d 363, 367 (5th Cir. 2002). Those elements are: (1) payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and transferee, (2) made in the ordinary course of business or financial affairs of the debtor and the transferee, and (3) made according to ordinary business terms. 11 U.S.C. §547(c)(2). The bald statement that such an affirmative defense exists, without more, is clearly insufficient to raise a genuine issue of material fact. Without the presentation of proper summary judgment evidence supporting the elements of its own affirmative defenses — for which the Defendant, and the Defendant alone, carries the burden of proof — the Defendant may not preclude the entry of summary judgment for the Plaintiff on the basis of those defenses.

Accordingly, based upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, and the relevant legal authorities and for the reasons set forth above, the Plaintiff has met its burden to demonstrate that there is no genuine issue as to any material fact as to the presence of the elements of a preferential transfer under 11 U.S.C. §547(b) and the Defendant has failed otherwise to raise a genuine issue of material fact as to the existence of any of its purported defenses under §547(c). The Court therefore concludes that the Plaintiff, J. Gregg Pritchard, Creditor-Trustee under the confirmed plan of liquidation of Ecco Drilling Co., Ltd. is entitled to summary judgment that he should recover from the Defendant, Wright Capital

Corporation, the preferential payment of $57,500.00, plus pre-judgment interest in the amount of $329.07,[15] for an aggregate award of $57,829.07, together with post-judgment interest at the federal post-judgment interest rate of 0.16% until paid.[16] An appropriate order and a judgment will be entered which are consistent with this opinion.

Signed on 08/12/2011

_____
THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

---

[15] Federal law governs the allowance of prejudgment interest when a cause of action arises from a federal statute. *Matter of Texas General Petroleum Corp.* 52 F.3d 1330, 1339-40 (5th Cir. 1995). However, there is no federal statute setting such a rate. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991). The federal rate of post-judgment interest was 0.33% on November 17, 2009, the date that the Trustee made demand by filing his complaint in this action. The Court shall use that rate with which to calculate the pre-judgment interest which shall be awarded on the debt amount.

[16] See 11 U.S.C. §550(a).